IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JARVIS MARCEL CAMPBELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:18-CV-876-SRW |
| ) | [WO] |
| HEATH TAYLOR, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**[1]

*Pro se* Plaintiff Jarvis Campbell, an inmate at the Russell County Jail in Phenix City, Alabama, filed this 42 U.S.C. § 1983 action on September 7, 2018, against Jail Administrator Steve Johnson, Chief Deputy William Alexander, Sergeant Michael Schroeder,[2] and Sheriff Heath Taylor. Campbell challenges as unconstitutional the conditions of confinement to which he was subjected at the Russell County Jail between March 4, 2018, and September 5, 2018. Doc. 1 at 1–5. For relief, Campbell seeks an investigation of the Russell County Jail and monetary damages. Doc. 1 at 6.

Defendants filed an answer, written report with supplement, and supporting evidentiary materials addressing Campbell's claims for relief. Docs. 6, 12. In these filings, Defendants deny that they acted in violation of Campbell's constitutional rights and argue that this case is due to be dismissed because, prior to filing this action, Campbell failed to

---

[1] All documents and page numbers cited herein are those assigned by the Clerk of this Court in the docketing process.

[2] Campbell incorrectly identifies Defendant Schroeder as Defendant "Schoeceder."

exhaust the administrative remedy available to him at the Russell County Jail with respect to the claims presented in the Complaint prior to filing this case. Doc. 6 at 5–10. Defendants base their exhaustion defense on Campbell's failure to appeal any response he received to the grievances he filed regarding the claims presented in this case. Doc. 6 at 7; Doc. 6-1 at 3–4; Doc. 6-2 at 5–6; Doc. 6-3 at 3–4.

The Court granted Campbell an opportunity to file a response to Defendants' written report and supplement; he was advised to address specifically Defendants' argument that his "claims are due to be dismissed because he failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA")." Doc. 13 at 1 (footnote omitted). The order advised Campbell that his response should be supported by affidavits or statements made under penalty of perjury and other evidentiary materials. Doc. 13 at 3. It cautioned Campbell that unless "sufficient legal cause" is shown within 15 days of entry of this order "why such action should not be undertaken, the court may at any time [after expiration of the time for his filing a response to this order] and without further notice to the parties (1) treat the [written] reports and any supporting evidentiary materials as a motion to dismiss . . . and (2) after considering any response as allowed by this order, rule on the motion in accordance with law." Doc. 13 at 4. Campbell filed responses to Defendants' reports. Docs. 14, 16, 17.

Construing Defendants' reports as a motion to dismiss regarding the exhaustion defense, the undersigned recommends resolution of this motion in Defendants' favor, as discussed below. *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008) (internal

quotations omitted) (holding that "an exhaustion defense . . . is not ordinarily the proper subject for a summary judgment [motion]; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment."); *see also Trias v. Fla. Dept. of Corrs.*, 587 F. App'x 531, 534 (11th Cir. 2014) (holding that the district court properly construed a defendant's "motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies").

## II. STANDARD OF REVIEW

In addressing the requirements of 42 U.S.C. § 1997e exhaustion, the Eleventh Circuit has

> recognized that [t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court. This means that until such administrative remedies as are available are exhausted, a prisoner is precluded from filing suit in federal court.

*Leal v. Ga. Dept. of Corrs.*, 254 F.3d 1276, 1279 (11th Cir. 2001) (citations and internal quotations omitted). Furthermore, "the question of exhaustion under the PLRA [is] a 'threshold matter' that [federal courts must] address before considering the merits of the case," and that cannot be waived. *Myles v. Miami-Dade Cnty. Corr. & Rehab. Dept.*, 476 F. App'x 364, 366 (11th Cir. 2012) (quoting *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004)).

> When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. If the complaint is not subject to dismissal at this step, then the court should make

specific findings in order to resolve the disputed factual issues related to exhaustion.

*Myles*, 476 F. App'x at 366 (citations and internal quotations omitted).  Consequently, a district court "may resolve disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing].  The judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record." *Trias*, 587 F. App'x at 535.  Based on the foregoing, the Eleventh Circuit has rejected an inmate-plaintiff's argument that "disputed facts as to exhaustion should be decided" only after a trial either before a jury or judge. *Id*. at 534.

### III.  DISCUSSION

Campbell complains about the conditions of confinement at the Russell County Jail.  In response to the complaint, Defendants maintain that this case is subject to dismissal because Campbell failed to exhaust properly the administrative remedy provided at the jail prior to filing the complaint as required by the PLRA, 42 U.S.C. § 1997e(a).

The PLRA compels proper exhaustion of available administrative remedies before a prisoner can seek relief in federal court in a § 1983 action.  Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust

irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). "The PLRA strengthened [the exhaustion] provision [applicable to inmate complaints] in several ways. Exhaustion is no longer left to the discretion of the district court, but is mandatory. Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards. Indeed, as [the Supreme Court] held in *Booth*, a prisoner must now exhaust administrative remedies even where the relief sought–monetary damages–cannot be granted by the administrative remedies." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (internal citation omitted).

Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998). "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." *Ross v. Blake*, 578 U.S. 632, 639 (2016). However, "[a] prisoner need not exhaust remedies if they are not available." *Id*. at 635 (internal quotation marks omitted). Generally, a remedy is "available" when it has "sufficient power or force to achieve an end, [or is] capable of use for the accomplishment of a purpose[.]" *Booth*, 532 U.S. at 737 (internal quotation marks omitted). Moreover, "the PLRA exhaustion requirement requires proper exhaustion." *Woodford*, 548 U.S. at 93. "Proper exhaustion demands

compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings. . . . Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." *Id.* at 90–91, 93.  The Supreme Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement . . . by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him.  *Id.* at 83-84; *Bryant*, 530 F3d at 1378 (explaining that to exhaust administrative remedies in accordance with the PLRA, prisoners must "properly take each step within the administrative process."); *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (holding that inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA); *Higginbottom*, 223 F.3d at 1261 (observing that inmate's belief that administrative procedures are futile or needless does not excuse the exhaustion requirement). "The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint." *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012).

Defendants' evidence reflects that the Russell County Jail provides an administrative remedy for inmate complaints in the form of an inmate grievance procedure. Doc. 6-9 at 12. In addition, the evidentiary materials filed by Defendants demonstrate that Campbell had access to and used the grievance procedure while confined in the Russell County Jail—that is, the grievance procedure was available to him throughout his confinement in the jail. Docs. 6-1, 6-2, 6-3, 6-10. The grievance procedure applicable to the claims presented by Campbell allowed him the opportunity to submit grievances regarding conditions occurring at the Russell County Jail. The facility's grievance procedure provides:

> An inmate wishing to resolve a problem must submit an inmate grievance electronically. Inmates are allowed to file a grievance when they have been subjected to:
>
> A criminal act by another inmate, A prohibited act by a staff member, Abuse, Harassment, Abridgement of civil rights, Denial of privileges without just cause.
>
> All grievance inquir[ies] must be addressed to the Detention Director and should the date, time, names of all persons involved, and all pertinent details of the incident, including the names of any witnesses. Grievances are promptly and thoroughly investigated and a follow up report will be issued to the inmate. An inmate who files a grievance that is determined to be fabricated is subject to disciplinary action.
>
> If you are not satisfied with the first answer to your grievance, you may send an appeal to next higher command level (Assistant Detention Director). You may continue to send it through the chain of command, up to the sheriff, who will make the final decision on any appellate issues involving grievances.

Doc. 6-9 at 12.

Campbell's responses to the exhaustion defense raised by Defendants do not dispute Defendants' argument that he failed to exhaust properly an available administrative remedy, and there is no evidence that this remedy was "unavailable" under the PLRA. *See Ross,* 578 U.S. at 643–44. Specifically, despite the availability of a grievance procedure and his access thereto, and although he filed initial grievances, Campbell did not file an appeal of the denial of his grievances in accordance with the jail's grievance procedure. *See* Docs. 14, 16, 17.

In sum, a grievance procedure was available for Campbell's claims, but he failed to exhaust his administrative remedies properly. Campbell does not dispute his failure to exhaust properly the grievance procedure regarding the matters made the subject of this case prior to seeking federal relief, a precondition to proceeding in this Court on his claims.

## IV. CONCLUSION

For the above stated reasons, it is ORDERED that:

1. Defendants' motion to dismiss (Doc. 6) is GRANTED.

2. Judgment is GRANTED in favor of Defendants.

3. This case is DISMISSED under 42 U.S.C. § 1997e(a) for Plaintiff's failure to exhaust properly an administrative remedy available to him at the Russell County Jail before seeking relief from this Court.

4. Other than the filing fee assessed to Plaintiff in this case, no further costs are taxed.

A separate final judgment will be entered.

DONE, on this the 21st day of December, 2021.

                                              /s/ Susan Russ Walker
                                              Susan Russ Walker
                                              United States Magistrate Judge